UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **James Rutherford**; and **The Association for Equal Access**, <br><br> Plaintiffs, <br><br> v. <br><br> **Priscilla's Ultimate Soul Food Cafeteria, Inc.**; **Priscilla Redmond**, individually; and **Mansfield Redmond**, individually, <br><br> Defendants. | Case No. 1:16-cv-11081 |

## COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

This Complaint is brought by Plaintiff James Rutherford, a disabled individual, and the Association for Equal Access (the "Association"), a nonprofit association, on behalf of its members, through their attorneys, Jackson LLP. As grounds for their complaint, Plaintiffs allege the following:

### Jurisdiction & Venue

1. This court has jurisdiction under 28 U.S.C. Sections 1331 and 1343(a)(3) and Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12188 (a)(1)-(2) (2012) ("Title III").

2. Pursuant to 28 U.S.C. Sections 1391(b) and (c), venue is proper in this district because the events of the claim arose here, and Defendants reside and do business here.

## The Parties

3. Mr. Rutherford is a disabled individual within the meaning of Title III due to an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects such as door handles, and a mobility disability, which substantially limits one or more of his major life activities, including lifting, walking, standing, and sitting.

4. Because of these disabilities, Mr. Rutherford has been issued a Permanently Disabled Handicapped Parking Placard by the State of Illinois.

5. Mr. Rutherford is therefore disabled under the meaning of 42 U.S.C. Section 12102 (1)-(4).

6. Mr. Rutherford is frequently in the nearby area of Priscilla's Ultimate Soul Food Cafeteria, which is located at 4330 Roosevelt Road, Hillside, Illinois.

7. Mr. Rutherford is a member of the Association.

8. The Association is a nonprofit association consisting of members formed for the common purpose of advocating for disabled individuals who cannot fully enjoy and access places of public accommodation because of Title III violations.

9. The Association's members would otherwise have standing to sue in their own right.

10. The Association's members include persons with disabilities within the meaning of the ADA who have been (or will be) patrons of Priscilla's Ultimate Soul Food Cafeteria, and who are persons with mobility disabilities or any other disability covered by Title III who could otherwise assert such a claim against Priscilla's Ultimate Soul Food Cafeteria.

11. The Association's interests that it seeks to protect are germane to the organization's purpose.

12. The Association is an advocate for disabled individuals who cannot access and/or fully enjoy places of public accommodation because of violations of Title III, including blocked or too narrow entrances, hallways, restrooms, doorways, and insufficient maneuvering space within the public accommodation.

13. Because of the nature of the relief sought, neither the claim asserted nor the relief requested requires the participation of its individual members in this lawsuit.

14. Priscilla's Ultimate Soul Food Cafeteria, Inc. is a corporation organized under the laws of the State of Illinois and doing business in Illinois.

15. Priscilla's Ultimate Soul Food Cafeteria, Inc. owns, operates, leases, and/or otherwise controls Priscilla's Ultimate Soul Food Cafeteria, which serves food and beverage.

16. Priscilla's Ultimate Soul Food Cafeteria, Inc. is therefore a public accommodation under 42 U.S.C. Section 12181(7)(B).

17. Upon information and belief, Pricilla Redmond and Mansfield Redmond, together or individually, own, operate, lease, and/or otherwise control Priscilla's Ultimate Soul Food Cafeteria, Inc. and Priscilla's Ultimate Soul Food Cafeteria, as well as own, lease, and/or otherwise control the real property and building that houses Priscilla's Ultimate Soul Food Cafeteria.

18. Pricilla Redmond and Mansfield Redmond are both therefore subject to the provisions of Title III under 28 C.F.R. Section 36.201(b).

## Facts

19. In late summer 2016, Mr. Rutherford patronized Priscilla's Ultimate Soul Food Cafeteria and encountered significant Title III violations.

20. The parking area lacks any ADA compliant handicapped van-accessible parking spaces and handicapped accessible or handicapped van accessible parking signage, and the

parking access zone is noncompliant, causing Mr. Rutherford to have difficulty obtaining parking to enter Priscilla's Ultimate Soul Food.

21. Upon entering Priscilla's Ultimate Soul Food Cafeteria, Mr. Rutherford had difficulty accessing the walkway due to the ramp which connects the walkway to the parkway that exceeds a ratio of 1:12 in violation of Title III.

22. Mr. Rutherford also had difficulty gaining entry to Priscilla's Ultimate Soul Food because the main entrance door is not adjusted in accordance with Title III such that from an open position of 90 degrees, the time required to move the door to a position of 12 degrees from the latch is more than five seconds.

23. When inside Priscilla's Ultimate Soul Food, Mr. Rutherford encountered a sales and service counter that was too high and check-out aisles, sales counters, services counters, food service lines, queues, and waiting lines that are noncompliant.

24. Mr. Rutherford needed to use the restroom but was denied use of the men's restroom because it is not handicapped accessible due to improper placement of the water closet, lavatories, sinks, mirrors, and urinal.

25. Because of these violations, he could not experience the full and equal enjoyment of Defendants' goods, services, and facilities in violation of Title III.

## Title III & Its Implementing Regulations

26. Title III prohibits discrimination based on disability in the activities of places of public accommodation, which are businesses that are generally open to the public, such as Priscilla's Ultimate Soul Food Cafeteria restaurant. 42 U.S.C. § 12181(7)(B).

27. As the implementing administrative agency, the Department of Justice has codified mandatory regulations and standards for design of places of public accommodation, which, in relevant part, are codified at 28 C.F.R. part 36 (2016) and 36 C.F.R. part 1191 (2016).

28. The regulations provide specific design standards to ensure that, to the maximum extent feasible and/or are readily achievable, the altered portions of the facility are readily accessible to and usable by individuals with disabilities.

29. Upon information and belief, alterations were made to Priscilla's Ultimate Soul Food after January 1992, such that the violations should have then been – and should now be – brought into compliance to the "maximum extent feasible" pursuant to the regulations.

30. Upon information and belief, Plaintiffs assert that there are other violations and barriers to handicapped access at Priscilla's Ultimate Soul Food Cafeteria.

31. Plaintiffs intend to amend this complaint after the restaurant has been thoroughly inspected for additional violations and/or barriers to handicapped access. Plaintiffs hereby provide notice to Defendants that they seek all barriers and violations remedied.

## Count I: Violation of ADA Title III

32. Plaintiffs incorporate paragraphs 1 through 31 above as if they are stated again here.

33. Title III prohibits discrimination based on disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

34. Defendants own, operate, lease, and/or control Priscilla's Ultimate Soul Food Cafeteria, a place of public accommodation.

35. Plaintiffs accessed or attempted to access and use Priscilla's Ultimate Soul Food Cafeteria to avail themselves of its goods and services but were unable enjoy its full benefits because of the complained-of Title III violations.

36. Remedy of these violations is either readily achievable or required to the maximum extent feasible.

37. Plaintiffs have a realistic, credible, existing, and continuing threat of discrimination from Defendants' non-compliance with the requirements of Title III.

38. Plaintiffs are aware of existing barriers at Priscilla's Ultimate Soul Food Cafeteria.

39. Plaintiffs are deterred from patronizing Priscilla's Ultimate Soul Food Cafeteria due to these barriers.

40. Plaintiffs would return to Priscilla's Ultimate Soul Food Cafeteria if the barriers were removed.

41. Plaintiffs have made concrete plans to return to Priscilla's Ultimate Soul Food Cafeteria.

42. Thus, Plaintiffs continue to suffer an actual and imminent injury-in-fact of threat of colorable future harm. 42 U.S.C. § 12188(a) (incorporating the remedies set forth in 42 U.S.C. § 2000a-3(a)).

43. In the alternative, returning to Priscilla's Ultimate Soul Food Cafeteria would be a futile gesture under 42 U.S.C. § 12188(a) because Plaintiffs' have actual knowledge that Defendants do not intend to comply with the provisions of Title III, evidenced by their failure to respond to Plaintiffs' repeated correspondence, including on the following dates:

(a) August through September 2016 – Plaintiffs sent by USPS Priority Mail three letters to Defendants (Priscilla Redmond

signed for one letter on September 7, signifying her receipt) notifying them of the violations and offering to work with Defendants to resolve the significant barriers to handicapped access without litigation;

 (b) September 20, 2016 through the present – Mr. Rutherford left several voicemails for Defendants, which were ignored; and

 (c) October 19, 2016 – The undersigned counsel sent a letter to Defendants notifying them of the violations and offering to work with Defendants to resolve the significant barriers to handicapped access without litigation.

 44. In sum, Plaintiffs have: (a) notified Defendants of the violations, (b) described the changes requested, consistent with Title III and its regulations, and (c) Defendants have never responded in any manner to Plaintiffs repeated attempts to resolve this in lieu of litigation.

 45. Thus, ligation is necessary and returning to Priscilla's Ultimate Soul Food Cafeteria would be futile because Defendants do not intend to comply with Title III.

 46. Upon information and belief, Priscilla's Ultimate Soul Food Cafeteria has been modified, remodeled, or altered on or after January 26, 1992.

47. In making alterations to the restaurant, Defendants failed to make readily achievable ADA-compliant changes to the restaurant.

48. The pre-existing elements of the restaurant are not ADA-compliant to a readily achievable standard.

49. In making alterations to the restaurant, Defendants failed to make the restaurant ADA-compliant to the maximum extent feasible.

*Parking Area Violations*

50. The parking area does not contain a van-accessible parking space. 36 C.F.R. pt. 1191, app. D, § 208.2.4

51. The parking area does not contain handicapped van-accessible signage. *Id.* § 502.6.

52. The handicapped parking access zone is noncompliant. *Id.* § 502.3.1.

*Restaurant Main Entrance Violations*

53. The slope of the ramp which connects the walkway to the parkway exceeds 1:12 and is thus noncompliant. *Id.* § 405.2.

54. The main entrance door is not adjusted so that from an open position of 90 degrees, the time required to move the door to a position of 12 degrees from the latch is more than 5 seconds. *Id.* § 404.2.8.1.

55. The force required to open the front door exceeds five pounds and is thus noncompliant. *Id.* § 404.2.9.

*Sale & Service Counter Violations*

56. The sales and service counter and juice bar counter does not have a portion that has been designed for either a forward or parallel approach and which is no higher than 36 inches in height. *Id.* §§ 904.2, 904.2.

57. The check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines are noncompliant and inaccessible. *Id.* § 227.

*Men's Restroom Violations*

58. The centerline of the water closet is approximately 21 inches from the nearest wall side wall or partition, instead of the required maximum of 18 inches. *Id.* § 604.2.

59. The lavatory and sink have insufficient clear floor space, forward approach, and knee and toe clearance. *Id.* §§ 606.2, 305-306.

60. The bottom edge of the mirror above the sink exceeds 40-inches in height in violation. *Id.* §§ 603.3.

61. The bottom lip of the urinal is approximately 24 inches high, instead of a required maximum height of 17 inches. *Id.* § 605.2.

62. The clear width of the walkway to the entrance of the urinal is less than 32 inches and thus is noncompliant. *Id.* § 403.5.1.

63. Upon information and belief, Defendants failure to remove these barriers to handicapped access is intentional because: (a) the barriers are intuitive and obvious and (b) Defendants exercised control and dominion over the conditions at the restaurant. Thus, had Defendants intended any other configuration, they had the ability and means to remedy the barriers.

## Prayer for Relief

Plaintiffs pray that the Court:

(a) Enter judgment declaring that Defendants violated and continue to violate Title III;

(b) Enter an injunction requiring Defendants to make the restaurant readily accessible and usable by individuals with disabilities pursuant 42 U.S.C. Section 12188(b), by ordering Defendants to: (1) cease violating the ADA, and (2) to remedy the above Title III violations;

(c) Award compensatory damages in such an amount as the Court finds just and proper;

(d) Grant Plaintiffs their attorney fees, costs, and litigation expenses incurred in prosecuting this action; and

(e) Grant such further relief as the Court deems just and proper.

Respectfully Submitted,

JACKSON LLP

*/s/ Connor D. Jackson*
Connor D. Jackson
Illinois ARDC No. 6317419
900 Chicago Avenue, Suite 104
Evanston, IL 60202
Tel: (847) 440-5028
Email: connor@jackson-legal.com

*Attorneys for Plaintiffs*